# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. PISKANIN,** | : | CIVIL ACTION NO. 1:13-CV-2341 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN WETZEL**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 11th day of December, 2013, upon preliminary consideration of the civil rights complaint (Doc. 1) filed by Michael J. Piskanin ("plaintiff"), a state prison inmate incarcerated at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania, in which plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Americans with Disabilities Act, and in which he seeks leave to proceed *in forma pauperis* (Doc. 6) pursuant to 28 U.S.C. § 1915(a)(1), and the court finding that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits

him from proceeding *in forma pauperis* because he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim,[1] and it being evident that there is no indication that plaintiff "is under imminent danger of

---

[1] The following recitation was set forth in a report and recommendation of former United States Magistrate Judge Malachy E. Mannion, now United States District Court Judge, and adopted by the undersigned in Piskanin v. FBI, No. 1:12-0909, 2012 WL 4050181, *1 (M.D. Pa. Aug. 8, 2012):

> Plaintiff has filed three or more actions in federal court which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Specifically, in Piskanin v. Banach, *et al.*, 2008 WL 5246165 (E.D.Pa. 2008), plaintiff's amended complaint was dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff then appealed this ruling to the United States Court of Appeals for the Third Circuit. Piskanin v. Hamer, 269 Fed. Appx. 159 (3d Cir. 2008). The Third Circuit affirmed the district court's ruling and dismissed the appeal as frivolous. Id. at 162. Plaintiff then filed another action alleging that he was "former operative" for the Federal Bureau of Investigation and that he was entitled to FBI "protection" from numerous public officials who allegedly have engaged in retaliatory acts, including his criminal prosecution. Piskanin v. John Doe, 2009 WL 1684651 (E.D.Pa. 2009). The district court dismissed this action as frivolous. Id. On appeal, the Third Circuit affirmed the district court opinion that the action should be dismissed as frivolous. Piskanin v. John Doe, 349 Fed. Appx. 689 (3d Cir. 2009). Plaintiff then filed a third complaint, which the District Court for the Western District of Pennsylvania dismissed pursuant to the three strikes rule, or 28 U.S.C. § 1915(g). Piskanin v. PA Department of Corrections, *et al.*, 2010 WL 3834845 (W.D.Pa. 2010). Finally, plaintiff filed a fourth complaint, which was dismissed by the District Court for the Middle District of Pennsylvania for failure to state a claim upon which relief could be granted. Piskanin v. Commonwealth of Pennsylvania, *et al.*, 2010 WL 4362458 (M.D.Pa. 2010).

serious physical injury,"[2] 28 U.S.C. § 1915(g) (setting forth the imminent danger exception to the three strikes rule); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are not sufficient to trigger the exception to section 1915(g)), it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 6) for leave to proceed *in forma pauperis* is DENIED.

2. The Clerk of Court is directed to VACATE the administrative order (Doc. 8).

3. Plaintiff's motion (Doc. 5) for a hearing is DENIED.

4. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(g).

---

[2] In Count One, plaintiff alleges that Honorable Kelly L. Banach, Honorable William H. Platt, and District Attorney James Martin, whom he collectively refers to as the "unholy trio gang," conspired for more than 30 years to murder, oppress, and silence him as a federal legal operative and witness. (Doc. 1, ¶ 10). In Count Two, he alleges that the unholy trio gang conspired with others to deny him access to the courts while pursuing appeals and illegally labeled him a violent offender to impair his right to parole. (Id. at ¶ 14). He also sets forth vague and conclusory assertions that he has been denied "proper and timely medical treatment for serious medical conditions." (Id. at ¶ 16). See White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) (finding that vague or conclusory allegations of denial of medical treatment do not amount to a showing of imminent danger). In his third claim, plaintiff alleges that despite being aware of his serious medical problems, defendants failed to prevent the attacks he has suffered at the hands of the unholy trio gang. (Id. at ¶¶ 18-20). As a result of these past attacks, plaintiff alleges that he reasonably fears for his life and requires single cell A or Z Code Housing. (Id. at ¶ 20, 22).

5. The Clerk of Court is directed to CLOSE this case.

6. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                     /S/ CHRISTOPHER C. CONNER
                     Christopher C. Conner, Chief Judge
                     United States District Court
                     Middle District of Pennsylvania